ARNOT *et al.* v. SAGE *et al.*, (two cases.)

(*Supreme Court, General Term, Fourth Department.*   May 10, 1889.)

CORPORATIONS—STOCKHOLDERS—PERSONAL LIABILITY.

Failure to sue a corporation organized under Laws N. Y. 1848, c. 40, within one year after the debt becomes due, as required by section 24 of that act, to entitle the creditor to sue the stockholders, under section 10, on their unpaid subscriptions, is excused by the dissolution of the corporation within the year after the debt becomes due.

Appeal from judgment on report of referee.

Action by Matthias H. Arnot, Marianna A. Ogden, and Fanny A. Haven, as surviving partners of the late firm of the Chemung Canal Bank, against Henry W. Sage, William H. Sage, and Dean Sage, as stockholders of the Ithaca Organ & Piano Company, claiming that they were liable, as stockholders to plaintiffs, on certain notes discounted by the Chemung Canal Bank for the Ithaca Organ & Piano Company, to the amount of their stock, on the ground that the directors of the company had failed to file the certificate required by the statute, as to the stock, and on the further ground that some of the stock had not been paid up in full.   It appeared that in May, 1877, the Ithaca Organ Company, the business of which was the manufacture and sale of organs and pianos, was duly incorporated under chapter 40 of the Laws of 1848, with its principal office and place of business at Ithaca, N. Y.   The capital stock of this company was $25,000, divided into 500 shares of $50 each; but on the 4th day of October, 1880, it was duly increased to $125,000, divided into 2,500 shares of $50 each.   On the 1st day of April, 1882, the corporate name of said company was duly changed to the Ithaca Organ & Piano Company.   Again, on the 2d day of January, 1883, the capital stock of said company was increased from $125,000 to $215,000, divided into 4,300 shares of $50 each.   On the 24th day of January, 1885, a judgment was entered in the Tompkins county clerk's office, in an action in the supreme court, whereby the company was duly dissolved.   The referee found that no certificate made by the president and a majority of the trustees of said corporation, stating the amount of the capital stock so fixed and paid in, signed and sworn to by the president and a majority of the trustees, has been recorded in the office of the county clerk of Tomp-

kins county, wherein the said business of said company was carried on; that the whole amount of capital stock fixed and limited by said corporation, as aforesaid, was not paid in in cash, and no certificate made by the president and majority of the trustees of said corporation, stating the amount of capital so fixed and paid in, signed and sworn to by the president and a majority of the trustees of said corporation, has been recorded in the Tompkins county clerk's office, in this state; and that, by reason of the dissolution of the company, plaintiffs were and have been unable to bring any suit against it for the collection of their debts within one year after said debts became due, respectively, as required by section 24 of the act of 1848, to hold the stockholders liable personally for corporate debts, (the notes sued on all falling due within one year after the decree of dissolution.) The referee held, as a conclusion of law, that plaintiffs were entitled to recover the amount of the notes sued on, and judgment was given accordingly. Defendants appeal. Laws 1848, c. 40, § 10, provides that "all the stockholders of every company incorporated under this act shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them, respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof shall have been made and recorded as prescribed in the following section." Section 24 provides that no stockholder shall be personally liable, etc., "unless a suit for the collection of such debt shall be brought against the company within one year after the debt shall become due."

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Halliday & Finch,* for appellants. *Reynolds, Stanchfield & Collin,* for respondents.

HARDIN, P. J. Two questions are presented: (1) When did the several debts originate upon which recovery has been allowed? (2) As the corporation was dissolved by an order 24th January, 1885, and a receiver appointed, was an action against the manufacturing corporation rendered impossible, and could a recovery be had without such an action? The referee has written an opinion in each of the cases, and fully discussed the questions involved in the appeals, and, being satisfied with his reasoning and authorities cited, an affirmance upon the opinion of the referee is advised. The cases must ultimately reach the court of last resort, and an extended discussion of the questions in this court would not be profitable. Judgments affirmed, with costs, upon the opinions of the referee. All concur.